UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD T. MANNING,<br>    Plaintiff<br><br>V.<br><br>UNITED STATES OF AMERICA, THE STATE OF MASSACHUSETTS, THE CITY OF BOSTON, THE CITY OF PITTSFIELD, THE CITY OF BROOKLINE, THE TOWN OF WESTWOOD, SUFFOLK COUNTY, NORFOLK COUNTY, AT&T BROADBAND, COMCAST, GENERAL ELECTRIC, VIACOM, WALT DISNEY COMPANY, UNUM LIFE INSURANCE CO., BLUE CROSS BLUE SHIELD OF MASS., FAULKNER HOSPITAL, BETH ISRAEL DEACONESS MEDICAL CTR., BOURNEWOOD, WESTWOOD PEMBROKE HEALTH CARE, FALLON AMBULANCE SERVICE, EASCARE, LLC, AMR OF MASSACHUSETTS, INC., DANA FARBER CANCER INSTITUTE, ARNOLD COMMUNICATIONS,<br>    Defendants | CIVIL ACTION NO. 04-10401-PBS |

## **DEFENDANT, UNUM LIFE INSURANCE CO.'S, MOTION TO DISMISS**

      The defendant, Unum Life Insurance Company ("Unum") moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the plaintiff's Complaint against it.  In the alternative, Unum moves this Court, pursuant to 12(e) of the Federal Rules of Civil Procedure, order the plaintiff to provide a more definite statement, before Unum is required to answer.

The grounds for this motion are fully set forth in the accompanying Memorandum of Law and can be summarized as follows:

1. In this case, the plaintiff Richard T. Manning, appears to have sued twenty four defendants under a variety of federal, criminal and civil statutes. However, the complaint is so confusing and ambiguous that it is impossible to determine which defendant allegedly violated these statutes at any particular time. Furthermore the complaint fails to state any recognizable cause of action under any of these statutes.

2. Only one paragraph in this 18-page complaint even mentions Unum. See Complaint page 12. These allegations also fail to state any recognizable claim upon which relief can be granted and therefore the complaint against Unum must be dismissed.

3. In addition, the Complaint is so confusing and ambiguous that Unum cannot reasonably be required to frame a responsive pleading. Therefore, if the Court denies Unum's Motion to Dismiss, Unum requests that the Court order the plaintiff to provide a more definite statement of the allegations against Unum within 10 days of the Court's order. If the plaintiff fails to do so, the Court should dismiss the complaint against Unum in its entirety.

WHEREFORE, the Unum Life Insurance Company's motion to dismiss or in the alternative for a more definite statement should be allowed.

UNUM LIFE INSURANCE CO.,

By its attorney,

/s/ Kristina H. Allaire
Joseph M. Hamilton, BBO #546394
Kristina H. Allaire, BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: July 14, 2004

## CERTIFICATE OF SERVICE

    I, Kristina H. Allaire, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Richard T. Manning at 6 Chesbrough Road, Boston, MA 02132-3810.

                                                             /s/ Kristina H. Allaire
                                                             Kristina H. Allaire

Dated: July 14, 2004