UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD T. MANNING,<br>    Plaintiff<br><br>V.<br><br>UNITED STATES OF AMERICA, THE STATE OF MASSACHUSETTS, THE CITY OF BOSTON, THE CITY OF PITTSFIELD, THE CITY OF BROOKLINE, THE TOWN OF WESTWOOD, SUFFOLK COUNTY, NORFOLK COUNTY, AT&T BROADBAND, COMCAST, GENERAL ELECTRIC, VIACOM, WALT DISNEY COMPANY, UNUM LIFE INSURANCE CO., BLUE CROSS BLUE SHIELD OF MASS., FAULKNER HOSPITAL, BETH ISRAEL DEACONESS MEDICAL CTR., BOURNEWOOD, WESTWOOD PEMBROKE HEALTH CARE, FALLON AMBULANCE SERVICE, EASCARE, LLC, AMR OF MASSACHUSETTS, INC., DANA FARBER CANCER INSTITUTE, ARNOLD COMMUNICATIONS,<br>    Defendants | CIVIL ACTION NO. 04-10401-PBS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, UNUM LIFE INSURANCE COMPANY'S, MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**

On February 27, 2004, the pro se plaintiff, Richard T. Manning filed this civil action against 24 defendants. The complaint contains a myriad of obscure and confused allegations and references to 27 federal criminal statutes, the Communications Acts of 1934 and 1996, the 1st, 4th and 14th Amendments, Article 1 of the United States Constitution and at least two civil rights statutes. The defendant, Unum Life Insurance Company ("Unum") moves this Court, pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the plaintiff's Complaint against it for failure to state a claim upon which relief can be given. In the alternative, Unum moves this Court pursuant to 12(e) of the Federal Rules of Civil Procedure to order the plaintiff to provide a more definite statement of the claim against Unum, before Unum is required to file a responsive pleading.

## ARGUMENT

When considering a motion to dismiss for failure to state a claim, the court must accept the plaintiff's well-plead factual allegations as true, "draw all reasonable inferences [from the complaint] in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 6 (1st Cir.2002). Despite the liberal pleading requirements established by the federal rules, the court need not accept subjective characterizations, bald assertions, or unsubstantiated conclusions. Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir.1993); Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52-53 (1st Cir.1990); Dewey v. Univ. of N.H., 694 F.2d 1, 3 (1st Cir.1982). If the pleading fails to make out a legal claim upon which relief can be granted or fails to allege any facts that would support a legal claim, the pleading is insufficient and should be dismissed. See Correa-Martinez, 903 F.2d at 52-53.

In the alternative, if a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513-14 (2002). If a complaint is too vague or confusing to enable the defendant to prepare an answer, the defendant can also move for a more definite statement. Under certain circumstances a plaintiff's vague complaint may be

subject to attack by either a motion for a more definite statement under Rule 12(e) or by a motion to dismiss under Rule 12(b).  61A Am. Jur. 2d <u>Pleading</u> § 480 (2004).

  Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. <u>See</u> <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir.1997); <u>Rockwell v. Cape Cod Hosp</u>., 26 F.3d 254, 255 (1st Cir. 1994).  Despite this rule, however, pro se status "does not free a litigant in a civil case of the obligation to comply with procedural rules," such as the minimum pleading requirements. <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24, 28, n. 2 (1st Cir. 2000); <u>see also Eagle Eye Fishing Corp. v. United States Dept. of Commerce</u>, 20 F.3d 503, 506 (1st Cir. 1994); <u>FDIC v. Anchor Props</u>., 13 F.3d 27, 31 (1st Cir. 1994).

  The plaintiff's complaint fails to state a claim against Unum upon which relief can be granted.  The Complaint is ambiguous and extremely confusing.  Unum is one of 24 defendants.  At times the Complaint refers to defendants by name, however, it also repeatedly refers to the collective "defendants."  It is impossible to determine which defendants the plaintiff is referring to at any particular time.  Although the complaint lists a plethora of federal, civil and criminal statutes and articles of the Constitution, the complaint does not state which of the 24 defendants allegedly violated which statute or articulate a single recognizable cause of action.

  In fact, only one paragraph in this 18-page single spaced complaint even mentions Unum by name.  See Complaint page 12.  This paragraph also fails to state any recognizable cause of action against Unum.  Nowhere in this 18-page complaint does the plaintiff articulate a legal cause of action under which he could possibly be entitled to recovery from Unum.  Even under the less stringent standards for pro-se plaintiffs, the plaintiff has failed to set forth any facts that could remotely establish a cause of action against Unum.  Without any recognizable cause of action or any alleged facts that could possibly establish a cause of action, the complaint must be

dismissed.  See Correa-Martinez, 903 F.2d at 52-53.  At the very least, Unum is entitled to a more definite statement specifying the claim against it, so that it can properly form a responsive pleading.

## CONCLUSION

For all of the foregoing reasons, the defendant, Unum Life Insurance Co. respectfully requests that the Court dismiss the plaintiff's Complaint against it, or in the alternative order the plaintiff to provide a more definitive statement of the claim against Unum Life Insurance Co. within 10 days of this Court's order.  If the plaintiff fails to do so, then the Complaint should be dismissed.

UNUM LIFE INSURANCE COMPANY,

By its attorney,

   /s/ Kristina H. Allaire
Joseph M. Hamilton, BBO #546394
Kristina H. Allaire, BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: July 14, 2004

## CERTIFICATE OF SERVICE

I, Kristina H. Allaire, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Richard T. Manning at 6 Chesbrough Road, Boston, MA 02132-3810.

   /s/ Kristina H. Allaire
Kristina H. Allaire

Dated: July 14, 2004