FILED
IN CLERKS OFFICE

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

2004 JUL 13 P 12: 13

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| RICHARD T. MANNING,<br>    Plaintiff<br><br>v.<br><br>THE UNITED STATES OF<br>AMERICA, *ET.AL.*,[1]<br>    Defendants | CASE NO. 04-CV-10401-PBS |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF PITTSFIELD'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

### INTRODUCTION

This is an action seeking monetary compensation in the amount of 2.3 million dollars as well as injunctive relief based upon what appears to be a claim by the plaintiff that the defendants violated the following federal statutes: 5 U.S.C. §552(a); 18 U.S.C. §36; 18 U.S.C. §113; 18 U.S.C. §231; 18 U.S.C. §241; 18 U.S.C. §242; 18 U.S.C. §373; 18 U.S.C. §669; 18 U.S.C. §798; 18 U.S.C. §872; 18 U.S.C. §873; 18 U.S.C. §875; 18 U.S.C. §922; 18 U.S.C.

---

[1] Defendants are the United States of America; the State of Massachusetts; the City of Boston; the City of Pittsfield; the City of Brookline; the Town of Westwood; Suffolk County; Norfolk County; AT&T Broadband; Comcast; General Electric; Viacom; Walt Disney Company; UNUM Life Insurance Co.; Blue Cross Blue Shield of Mass.; Faulkner Hospital; Beth Isreal Deaconess Medical Ctr.; Bournewood; Westwood Pembroke Health Care; Fallon Ambulance Service; Eascare, LLC; AMR of Massachusetts, Inc.; Dana Farber Institute; and Arnold Communications.

§1001; 18 U.S.C. §1113; 18 U.S.C. §1201; 18 U.S.C. §1202; 18 U.S.C. §1203; 18 U.S.C. §1501; 18 U.S.C. §1951; 18 U.S.C. §1952; 18 U.S.C. §1957; 18 U.S.C. §2236; 18 U.S.C. §2261; 18 U.S.C. §2261a; 18 U.S.C. §2318; 18 U.S.C. §2331; 18 U.S.C. §2340; and 42 U.S.C. §2000a.

## FACTUAL BACKGROUND

The plaintiff appears to be alleging that the defendants have violated the statutes listed in the introduction herein. The defendant City of Pittsfield cannot find any facts stated within the complaint that support his allegations, and furthermore, the plaintiff has alleged no facts specifically against the defendant City of Pittsfield in his complaint.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate when the complaint does not meet the requirements of Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dutkiewicz, et al. v. Foster, et al., 88 F.R.D. 85 (D. Mass. 1980). "In ruling upon a 12(b)(6) motion, the court must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." *See* Day v. Fallon Community Health Plan, Inc., 917 F.Supp. 72 (D. Mass. 1996).

# ARGUMENT

1. **Plaintiff fails to allege sufficient facts to avoid Motion to Dismiss under 12(b)(6)**

The burden is on the plaintiff to allege sufficient facts to avoid a motion to dismiss in accordance with Rule 12(b)(6). *See* Day v. Fallon Community Health Plan, Inc., 917 F.Supp. at 75 (D. Mass. 1996). The fact that the plaintiff in the case at bar is a pro se litigant does not eliminate his burden to allege sufficient facts to sustain his claim. "Our duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *See* McDonald v. Hall, 610 F.2d 16 (1st Cir. 1979); *see also* Day v. Fallon Community Health Plan, Inc., 917 F.Supp. at 76, 78 (D. Mass. 1996).

In the matter of Day v. Fallon Community Health Plan, Inc., 917 F.Supp. 72 (D. Mass. 1996), the plaintiffs alleged conclusions that the defendants were engaging in restraint of trade in violation of the Sherman Act. Those plaintiffs did not allege any specific facts that supported their claims of such violations, and as a result, that court allowed the motion to dismiss filed by the defendant HMOs.

Similarly, the plaintiff in the case at bar has made several conclusory statements asserting that several federal statutes have been violated, but has failed to allege any discernible facts that support his claims. More specifically, the plaintiff has failed to allege any facts that support any claim that the Defendant City of Pittsfield has violated any of the statutes referred to in his

3

complaint, and despite the fact that the plaintiff is a pro se litigant, courts will not create a supportable cause of action for him.[2]

If this court were to accept as true and draw all reasonable inferences in favor of the plaintiff whatever facts it could discern from the plaintiff's complaint, allowing a motion to dismiss the City of Pittsfield from the plaintiff's complaint would be proper. *See* Day v. Fallon Community Health Plan, Inc., 917 F.Supp. 72 (D. Mass. 1996).

2. **Construing the facts in a light most favorable to plaintiff, violations of criminal statutes cited by plaintiff do not give rise to a private cause of action**

In the event that this court were able to discern sufficient facts to sustain a cause of action, many of the statutes cited by the plaintiff are criminal statutes and do not give rise to a private cause of action.

The United States Supreme Court has held that "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *See* Touche v. Redington, 442 U.S. 560, 568 (1979); *quoting* Cannon v. University of Chicago, 41 U.S. at 688 (1979). "The intent of Congress remains the ultimate issue, however, and 'unless this congressional intent can be inferred from the language of the

---

[2] *See* Dutkiewicz, et al. v. Foster, et al., 88 F.R.D. 85 (D. Mass. 1980) where the United States District Court for the District of Massachusetts ruled that "***,dismissal is appropriate because the complaint fails to comply with the requirements of Rule 8(a) and Rule 12(b)(6) Fed.R.Civ.P. Even with the most lenient reading this pro se amended complaint and its disjointed factual references does not serve as a short and plain statement of any legal claim."; *contrast* McDonald v. Hall, 610 F.2d 16 (1st Cir. 1979) where United States Appeals Court for the First Circuit reversed the District Court's dismissal of plaintiff's complaint on the grounds that the appellant/plaintiff averred in his complaint (1) the fact that he filed actions against prison officials, (2) the fact that he assisted other inmates in filing actions; and (3) that the appellee/defendant retaliated by transferring him to another facility. The Appeals Court also noted that the appellant/plaintiff averred such events in a chronology which could be interpreted to support an "inference of retaliation."

statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist.'" *See* Thompson v. Thompson, 484 U.S. 174, 179 (1988); *quoting* Northwest Airlines, Inc. v. Transport Workers, 451 U.S. 77, 94 (1981).

To determine whether congressional intent exists to create such a private right of action, the Supreme Court has reasoned that if the language and legislative history of the statute suggests that such statute was created for the benefit of the public at large, and if there is no evidence that Congress anticipated the existence of a private remedy, then there is no reason to make inquiries as to the final two factors enumerated in Cort v. Ash, 422, U.S. 66, 78 (1975), and further that the Court will not imply a remedy that Congress did not intend to provide.[3] *See* California v. Sierra Club, 451 U.S. 287, 297, 298; *see also* Thompson v. Thompson, 484 U.S. at 187.[4]

A. **District Court of Massachusetts has ruled that no private right of action exists for violation of 18 U.S.C. §241, §242, §1001.**

In the matter of Fiorino v. Turner, et al., 476 F.Supp. 962 (D. Mass. 1979), the pro se plaintiff brought a complaint in Federal District Court for the District of Massachusetts alleging violations of 18 U.S.C. §241, §242, §371, §1001, and 15 U.S.C. §2. The Fiorino court analyzed

---

[3] *See* Cort v. Ash, 422 U.S. 66, 78, (1975) where the United States Supreme Court explained that in order to determine whether a private remedy exists the Court must inquire as to (1) whether the plaintiff is a member of class "***for whose especial benefit the statute was enacted"; (2) whether legislative intent exists to create or deny a private remedy; (3) whether the creation of a private right of action is consistent "with the underlying purpose of the legislative scheme***"; and (4) whether the private remedy is one "traditionally relegated to state law***".

[4] *See* Gonzaga University v. Doe, 536 U.S. 273, 283, 284 (2002) where the United States Supreme Court, in distinguishing between the inquiry of whether a statutory violation may be enforced through a statute and whether a private right of action can be implied from a statute, reasoned that the inquiry is the same in that "*** in either case we must first determine whether Congress intended to create a federal right", and that as a result, the United States Supreme Court has held that "'[t]he question whether Congress...intended to create a private right of action [is] definitively answered in the negative' where a 'statute by its terms grants no private rights to any identifiable class.'", *citing* Touche v. Redington, 442 U.S. 560, 576 (1979).

5

the penalties provided for by each statute and reasoned that all of the statutes referred to in the plaintiff's complaint provided for criminal penalties. *See* Fiorino at 963. The Fiorino court explained that the plaintiff failed to cite any support that would imply a civil cause of action for violation of 18 U.S.C. §241, §242, §371, §1001, and further that the plaintiff also failed to provide any "policy arguments" that would support the implication of a civil cause of action. *See* Fiorino at 963.[5]

Given the lack of support that a violation of 18 U.S.C. §241, §242, §371, §1001 implies a civil cause of action, and following the rulings in Brown v. Duggan, 329 F.Supp. 207 (W.D. Pa. 1971)[6] and Bryant v. Donnell, 239 F.Supp. 681 (W.D. Tenn.1965)[7], the Fiorino court ruled that the defendant's motion to dismiss for failure to state a claim upon which relief can be granted was proper on the grounds that "***violation of these statutes does not give rise to a civil cause of action." See Fiorino at 963.

---

[5] *Contrast* Federal Savings and Loan Insurance Corporation v. Williams, 622 F.Supp. 132 (D. Md. 1985), where the United States District Court for the District of Maryland held the FSLIC was entitled to bring private cause of action for violation of 18 U.S.C. §1001 explaining that there is evidence from the legislative history that supports the argument that such statute was enacted specifically for the protection of the FSLIC. In contrast, the plaintiff in the case at bar makes no factual allegation that his right to protection as a depositor of a federal savings and loan association has been violated. Additionally, a decision was rendered by the United States District Court for the Southern District of New York rendered an opinion subsequent to Williams ruling that "There is no private right of action under criminal statute providing that one within jurisdiction of any department or agency of United States who makes false or fraudulent statements shall be fined or imprisoned." *See* Williams v. McCausland, 791 F.Supp. 992 (S.D. NY 1992).

[6] *See* Brown v. Duggan, 329 F.Supp. 207, 209 (W.D. Pa. 1971), where the United States District Court for the Western District of Pennsylvania held that the provisions of 18 U.S.C. §241 and §242 do not allow for civil recovery.

[7] *See* Bryant v. Donnell, 239 F.Supp. 681, 685 (W.D. Tenn. 1965), where the United States District Court for the Western District of Tennessee held that the provisions of 18 U.S.C. §241 and §371 regarding criminal conspiracy cannot be construed to create a civil cause of action.

To the extent that the plaintiff alleges a private cause of action for violations of 18 U.S.C. §241, §242, §1001, the defendant City of Pittsfield argues that motion to dismiss is proper for failure to state a claim upon which relief can be granted on the grounds that "***violation of these statutes does not give rise to a civil cause of action." *See* Fiorino at 963.

B.   **U.S. District Court for District Court of Columbia has held that no private right of action exists for violation of 18 U.S.C. §113**

While it appears to be a matter of first impression for the District of Massachusetts as well as the First Circuit on the issue of whether a private right of action exists for violation of 18 U.S.C. §113, the United States District Court for the District of Columbia has had the opportunity to address the issue.

In the matter of Risley v. Hawk, et al., 918 F.Supp. 18 (D. D.C. 1996), the plaintiff brought a civil claim alleging violation of a few federal statutes including 18 U.S.C. §113, which statute prohibits "assaults" within maritime and territorial jurisdictions. The Risley court held that "***, 18 U.S.C. §§113, 211, 241, and 1583 define certain acts, such as bribery and assault, as criminal offenses. Such criminal offense provisions do not create a private cause of action." *See* Risley v. Hawk, et al., 918 F.Supp. 18 (D. D.C. 1996), *aff'd*, 108 F.3d 1396 (D. D.C. 1997).

To the extent that the plaintiff alleges a private cause of action for violations of 18 U.S.C. §113, the defendant City of Pittsfield argues that motion to dismiss is proper for failure to state a claim upon which relief can be granted on the grounds that violation of this statute does not give

7

rise to a civil cause of action." See Risley v. Hawk, et al., 918 F.Supp. 18, 21 (D. D.C. 1996), aff'd, 108 F.3d 1396 (D. D.C. 1997).

### C. Eighth Circuit and other lower courts have held that no private right of action exists for violation of 18 U.S.C. §1951, §1952

While it appears to be a matter of first impression for the District of Massachusetts as well as the First Circuit on the issue of whether a private right of action exists for violation of 18 U.S.C. §1951, §1952, other jurisdictions have had the opportunity to address the issue.

In the matter of Wisdom v. First Midwest Bank of Poplar Bluff, et al., 167 F.3d. 402, 408, 409 (8th Cir. 1999), the United States Court of Appeals for the Eighth Circuit held that neither the statutory language nor the legislative history revealed any intent on the part of Congress to create a private right of action for violation of the 18 U.S.C. §1951, the federal extortion statute. Likewise, the Federal District Court for the Northern District of Illinois failed to find evidence of congressional intent to create a private right of action for violation of 18 U.S.C. §1952. See Bajorat v. Columbia-Breckenridge Development Corp., 944 F.Supp. 1371, 1377, 1378 (N.D. Ill. 1996).

To the extent that the plaintiff alleges a private cause of action for violations of 18 U.S.C. §1951 and §1952, the defendant City of Pittsfield argues that a motion to dismiss is proper for failure to state a claim upon which relief can be granted on the grounds that violation of these statutes does not give rise to a civil cause of action." See Wisdom v. First Midwest Bank of Poplar Bluff, et al., 167 F.3d. 402, 408, 409 (8th Cir. 1999), *appeal after remand* 210 F.3d 380

(8th Cir. 2000); *see also* Bajorat v. Columbia-Breckenridge Development Corp., 944 F.Supp. 1371, 1377, 1378 (N.D. Ill. 1996).

D. **No private right of action can be implied for violations of the criminal statutes cited as 18 U.S.C. §36, §231, §373, §798, §873, §875, §1113, §1201, §1202, §1203, §1501, §1957, §2261**

While it appears to be a matter of first impression for the District of Massachusetts as well as the First Circuit on the issue of whether a private right of action exists for violation of the statutes listed above in subparagraph D, nor does it appear that other jurisdictions have had the opportunity to specifically address this issue, the defendant City of Pittsfield argues that Congress did not intend that such a right be implied as a result of a violation of the criminal statutes referenced in this subparagraph D.

In California v. Sierra Club, 451 U.S. 287 (1981) the Supreme Court determined by using the first two factors enumerated in Cort that a private right of action for violation of the federal statute prohibiting obstruction of navigable waters could not be implied because (1) the "language of the statute and its legislative history do not suggest that the Act was intended to create federal rights for the especial benefit of a class of persons but rather that it was intended to benefit the public at large through a general regulatory scheme to be administered by the then Secretary of War"; and (2) there was no evidence that Congress anticipated that there would be a private remedy. *See* California v. Sierra Club, 451 U.S. 287, 297 (1981).

Similarly, the language and legislative history of all of the statutes referred to in this subparagraph D suggests that (1) such statutes were not intended to create federal rights for a

specific class of persons but rather were intended to benefit the public at large; and (2) there is no evidence that Congress anticipated that there would be a private remedy. *See* California v. Sierra Club, 451 U.S. 287, 297 (1981).

In support, the defendant City of Pittsfield argues that (1) the language of each statute is clear on this issue in that none of them provide for a private remedy; and (2) the legislative history of each statute contains evidence as to legislative purpose behind all of the statutes referred to in this subparagraph D; such evidence being that each statute was amended by various sections of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322. Such a fact is relevant in establishing the legislative purpose of each statute referred to subparagraph D in that House Report 103-324 provides that the purpose of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322 is "to amend the Omnibus Crime Control and Safe Street Act of 1968 to allow grants to increase police presence, to expand and improve cooperative efforts between law enforcement agencies and members of the community to address crime and disorder problems, and otherwise to enhance public safety***." *See* H.R. Rep. No. 103-324, 103rd Cong., 1st Sess. (1993); *see also* H.R. Conf. Rep. No. 103-711, §10002, 103rd Cong., 2nd Sess. (1994).

Using this common thread of legislative history that exists between the statutes referred to in this subparagraph D, evidence exists to support the defendant City of Pittsfield's argument that these statutes were created to protect the public at large from "crime and disorder" problems, and there is no evidence from any of the other statutory amendments or congressional reports

10

evidencing that Congress intended or anticipated the creation of a private right of action for violation thereof. *See* California v. Sierra Club, 451 U.S. 287, 297 (1981).

To the extent that plaintiff alleges a private cause of action for violation of 18 U.S.C. §36, §231, §373, §798, §873, §875, §1113, §1201, §1203, §1501, §1957, and §2261, the defendant City of Pittsfield argues that a motion to dismiss is proper for failure to state a claim upon which relief can be granted on the grounds that the congressional intent behind the creation of all of these statutes is to protect the public at large and that there is no evidence in the legislative history that Congress anticipated a private remedy. *See* California v. Sierra Club, 451 U.S. 287, 297 (1981).

3. **Construing the facts in a light most favorable to plaintiff, violation of Administrative Procedure Act, 5 U.S.C. §552a, gives right to civil cause of action only against federal agencies**

While it appears to be a matter of first impression for the District of Massachusetts as well as the First Circuit on the issue of whether a violation of 5 U.S.C. §552a applies to state, county or municipal agencies, both the statutory language and decisions from other jurisdictions can be used to address this issue.

It is clear from the statutory language that 5 U.S.C. §552a(b) serves to regulate the disclosure records kept by agencies, and that 5 U.S.C. §552a(e) defines "agency" as those entities that maintain records containing information about individuals (1) as is necessary to accomplish a purpose as required by statute or executive order of the President, or (2) that would

11

have an adverse affect on said individual's "rights, benefits, or privileges under Federal programs." See 5 U.S.C. §552a(e)(1)(2).

The United States District Court for the District of Central Illinois ruled in Ely v. Department of Justice, 610 F.Supp. 942 (D.C. Ill. 1985), affirmed 792 F.2d 142, that "The Privacy Act of 1974 serves to safeguard the public interest in informational privacy by delineating duties and responsibilities of federal agencies that collect, store and disseminate personal information about many individuals." See Ely v. Department of Justice, 610 F.Supp. 942 (D.C. Ill. 1985), aff'd, 792 F.2d 142 (D.C. Ill. 1986); see also Miller v. U.S., 630 F.Supp. 347 (E.D. NY 1986).

To the extent that the plaintiff alleges a violation of 5 U.S.C. §552(a), the defendant City of Pittsfield argues that its motion to dismiss is proper for failure to state cause upon which relief may be granted is proper because the City of Pittsfield is not a federal agency subject to the provisions of said statute.

4. **Construing the facts in a light most favorable to plaintiff, the provisions of 18 U.S.C. §872 and §2236 apply to acts committed by officers and employees of the United States**

While it appears to be a matter of first impression for the District of Massachusetts as well as the First Circuit on the issue of whether a violation of 18 U.S.C. §872 and §2236 apply to acts committed by state, county or municipal employees or officials, the statutory language is clear on this issue.

The provisions of 18 U.S.C. §872 specifically state that "Whoever, being an officer, or employee of the United States or any department or agency thereof, or representing himself to be or assuming to act as such,***commits or attempts an act of extortion, shall be fined***or imprisoned not more than three years, or both;***,***,***."

The provisions of 18 U.S.C. §2236 specifically state that "Whoever, being an officer, agent, or employee of the United States or any department or agency thereof, engaged in the enforcement of any law of the United States, searches any private dwelling***without a warrant***,***, shall be fined***;***."

It is clear that the defendant City of Pittsfield is not an officer, employee, department, or agency of the United States.

To the extent that the plaintiff alleges violations of 18 U.S.C. §872 and §2236, the defendant City of Pittsfield argues that its motion to dismiss for failure to state a claim upon which relief may be granted is proper on the grounds that the provisions of these statutes apply to federal officers, employees and agencies, and that the defendant City of Pittsfield is not a federal officer, employee or agency.

5. **<u>Construing the facts in a light most favorable to plaintiff, the provisions of 18 U.S.C. §2331 and §2340 refer to definitions relating to international terrorism and torture, respectively, and contain no prohibitive language</u>.**

The provisions of 18 U.S.C. §2331 and §2340 provide definitions in connection with the meaning of international terrorism and torture, respectively. These provisions do not contain prohibitive language regarding international terrorism and torture.

To the extent that the plaintiff alleges violations of 18 U.S.C. §2331 and §2340, the defendant City of Pittsfield argues that its motion to dismiss for failure to state a claim upon which relief may be granted is proper on the grounds that the statutes cited do not provide the requisite prohibitive language.

6. **<u>Construing the facts in a light most favorable to plaintiff, the plaintiff has asserted no facts against the City of Pittsfield to support his claims of violations of 18 U.S.C. §669, §922, §2261A, §2318, and 42 U.S.C. §2000a</u>.**

The provisions of 18 U.S.C. §669 punish those who, "***knowingly and willfully embezzles, steals, or otherwise without authority converts to the use of any person other than the rightful owner, or intentionally misapplies any of the moneys, funds, securities, premiums, credits, property, or other assets of a health care benefit program,***." Though the plaintiff generally asserts a violation of this federal statute, he fails to allege any facts against the defendant City of Pittsfield in support of such a claim.

The provisions of 18 U.S.C. §922 specify the types of acts that are unlawful with regard to the manufacture, transport, and sale of firearms. Though the plaintiff generally asserts a violation of this federal statute, he fails to allege any facts against the defendant City of Pittsfield in support of such a claim.

The provisions of 18 U.S.C. §2261A punish those who "travels in interstate or foreign commerce\*\*\*,\*\*\*, with the intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel places that person in reasonable fear of the death of, or serious bodily injury to that person,\*\*\*." Though the plaintiff generally asserts a violation of this federal statute, he fails to allege any facts against the defendant City of Pittsfield in support of such a claim.

The provisions of 18 U.S.C. §2318 prohibits "Trafficking in counterfeit labels for phonorecords, copies of computer programs or computer program documentation or packaging, and copies of motion pictures or other audio visual works, and trafficking in counterfeit computer program documentation or packaging." Though the plaintiff generally asserts a violation of this federal statute, he fails to allege any facts against the defendant City of Pittsfield in support of such a claim.

The provisions of 42 U.S.C. §2000a prohibit "Discrimination or segregation in places of public accommodation." Though the plaintiff generally asserts a violation of this federal statute, he fails to allege any facts against the defendant City of Pittsfield in support of such a claim.

The plaintiff's failure to allege facts sufficient to sustain his claim that the defendant City of Pittsfield acted in violation of these statutes is cause for dismissal in accordance with the ruling set forth in Day v. Fallon Community Health Plan, Inc., 917 F.Supp. at 75 (D. Mass.1996).

## CONCLUSION

For the reasons stated above, the Defendant City of Pittsfield respectfully requests that its motion to dismiss be allowed.

Dated: July 12, 2004

Respectfully submitted,
CITY OF PITTSFIELD
By Its Attorney,

*/s/ Kathleen E. Degnan*
Kathleen E. Degnan
Assistant City Solicitor
BBO# 648838
70 Allen Street
Pittsfield, MA 01201
(413) 499-9352

### CERTIFICATE OF SERVICE

I, Kathleen E. Degnan, Esq., hereby certify that on this 12th day of July, 2004, I served a copy of the above upon the Plaintiff who is *Pro Se* in this matter by mailing it first class mail, postage-prepaid, to Richard T. Manning, Six Chesbrough Road, Boston, MA 02132-3810.

Subscribed under the penalties of perjury.

*/s/ Kathleen E. Degnan*
Kathleen E. Degnan