UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
CASE NO. 04-10401 PBS

RICHARD T. MANNING,
    Plaintiff

v.

UNITED STATES OF AMERICA, COMMONWEALTH OF MASSACHUSETTS, CITY OF BOSTON, CITY OF PITTSFIELD, TOWN OF BROOKLINE, TOWN OF WESTWOOD, SUFFOLK COUNTY, NORFOLK COUNTY, AT&T BROADBAND, COMCAST, GENERAL ELECTRIC, VIACOM, WALT DISNEY COMPANY, UNUM LIFE INSURANCE CO., BLUE CROSS BLUE SHIELD OF MASSACHUSETTS, FAULKNER HOSPITAL, BETH ISRAEL DEACONESS MEDICAL CENTER, BOURNEWOOD, WESTWOOD PEMBROKE HEALTH CARE, FALLON AMBULANCE SERVICE, EASCARE, LLC, AMR OF MASSACHUSETTS, INC., DANA FARBER CANCER INSTITUTE & ARNOLD COMMUNICATIONS,
    Defendants

**DEFENDANT CITY OF BOSTON'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

I.    **STATEMENT OF FACTS**

    The Plaintiff, Richard Manning, (hereinafter, "Plaintiff" or "Manning"), has presented an eighteen page, single-spaced Complaint, containing various claims under state, federal and international law against approximately twenty-four Defendants, including the City of Boston. It is not clear from the Complaint which claims are against

what Defendants. The majority of the claims allege violations of federal criminal statutes under Article 18 of the United States Code. Additionally, there is a claim under the Massachusetts criminal stalking statute (M.G.L. c. 265 §§ 43 & 43(a). Finally, the Plaintiff attempts to make a claim under 42 U.S.C. § 1988.

**II.    ARGUMENT**

   A.    Standard

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). This indulgence, however, does not require the Court to credit bald assertions, unsubstantiated conclusions or outright vituperation. Correa-Martinez v. Arrillaya-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

   B.    The Complaint Should Be Dismissed For Failing to State A Claim Against the City of Boston Defendants.

The Plaintiff's Complaint fails to state a claim against the City of Boston upon which relief can be granted. Although the Plaintiff has chosen to proceed on a *pro se* basis, the mere status of *pro se* should not influence this Court's decision on a Motion to Dismiss where the Plaintiff has failed to state a claim. In *Sanders v. Fluor Daniel, Inc.*, 151 F.R.D. 138, 139 (M.D. Fla. 1993), the court held that "the right of self-representation

does not exempt a party from compliance with relevant rules of procedural and substantive law." (*citing Kersh v. Derozier*, 851 F.2d 1509 (5th Cir. 1988)). *Sanders*, 151 F.R.D. at 139. The court dismissed the action even though it was brought by a *pro se* plaintiff.

As the Court is aware, the standard of review of a Rule 12(b)(6) Motion to Dismiss is to view all well-pleaded factual assertions in the Plaintiffs' Complaint as true and draw all reasonable inferences from those assertions in the favor of the Plaintiffs. McDonald v. Sante Fe Trail Transportation Co., 427 U.S. 273, 276 (1976). In doing so, the Court must "eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets." Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). Although the threshold for stating a claim is low -- it is real. Gooley v. Mobile Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). See also, U.S. v. Aux Corp., 962 F.2d 108, 115 (1st Cir. 1992)("empirically unverifiable conclusions, not logically compelled, or at least supported, by the stated facts, deserve no deference.") *Pro se* plaintiffs are held to a less stringent standard than complaints drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However a "liberal reading in favor of a (*pro se*) plaintiff ... will not be sufficient to salvage a complaint that does not supply enough information about the asserted facts and the asserted legal basis for a claim to enable the court and opposing parties to identify events or circumstances the pleader is attempting to invoke on the basis for his claim. ..." Feliciano v. DuBois, 846 F.Supp. 1033, 1041 (D.Mass. 1994).

In this matter, the Complaint is inadequate because it does not allege facts upon which inferences could be made. The Court is left with a Complaint alleging no more

than 18-pages of bald assertions of constitutional violations and conjecture of alleged conspiracies. There are no allegations where municipal liability could attach. This Complaint cannot stand on its assertions and must be dismissed.

Throughout the Complaint Plaintiff asserts a conspiracy among the Defendants. A claim for conspiracy under 42 U.S.C. §1983[1], however, must assert facts at least showing an agreement by defendants to commit an unlawful act or a lawful act by unlawful means for the purpose of inflicting a wrong against the injured parties. Conspiracy in this context requires an overt act as well as an actual deprivation of a right secured by the Constitution and laws. Santiago v. Fenton, 891 F.2d 373, 389 (1st Cir. 1989). Allegations of conspiracy require particularly detailed factual assertions. Hahn v. Sargeant, 523 F.2d 461 (1st Cir. 1975). Such factual assertions are not found in the Plaintiffs' Complaint and this action must be dismissed.

### III.   CONCLUSION

The Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, the complaint against the City of Boston Defendants must be dismissed.

WHEREFORE; the City of Boston respectfully requests that this Honorable Court grant its Motion to Dismiss, with prejudice, and enter separate and final judgment in favor of the City of Boston.

---

[1] Plaintiff's complaint does not cite to 42 U.S.C. § 1983 but does mention § 1988, which is the fee-shifting provision. If Plaintiff is attempting to make a claim under § 1983, it must fail because Plaintiff has failed to allege any custom, policy or practice by the City of Boston that caused the Plaintiff's alleged injuries. See Monell v. Social Servs., 436 U.S. 658, 691 (1978).

4

Respectfully submitted,

DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel

By its attorney:


Margaret H. Sanel
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4936
BBO# 648701


## CERTIFICATE OF SERVICE

     I, Margaret H. Sanel, hereby certify that I served <u>Defendant City of Boston's Memorandum of Law in Support of Its Motion to Dismiss</u>, by mailing a copy, postage prepaid, to the following:

Richard Manning
Six Chesbrough Road
Boston, MA 02132-3810

Kathleen Degnan, Esq.
City of Pittsfield
Office of Solicitor
Room 201
70 Allen Street
Pittsfield, MA 01201

Deborah I Ecker
Brody, Hardoon, Perkins & Keston
699 Exeter Street
Boston, MA 02116

Kristina H. Allaire, Esq.
Mirick, O'Connell, DeMallie & Lougee
100 Fronts Street
Worcester, MA  01608

George Driscoll, Esq.
Town of Brookline
Town Hall
333 Washington Street
Brookline, MA  02445

7/20/04                                    *[signature]*

Date                                       Margaret H. Sanel