UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| RICHARD T. MANNING<br>Plaintiff<br><br>V.<br><br>UNITED STATES OF AMERICA, THE<br>STATE OF MASSACHUSETTS, THE CITY<br>OF BOSTON, THE CITY OF PITTSFIELD,<br>THE CITY OF BROOKLINE, THE TOWN<br>OF WESTWOOD, SUFFOLK COUNTY,<br>NORFOLK COUNTY, AT&T<br>BROADBAND,COMCAST, GENERAL<br>ELECTRIC, VIACOM, WALT DISNEY<br>COMPANY, UNUM LIFE INSURANCE CO.,<br>BLUE CROSS BLUE SHIELD OF MASS.,<br>FAULKNER HOSPITAL, BETH ISRAEL<br>DEACONESS MEDICAL CTR.,<br>BOURNEWOOD, WESTWOOD<br>PEMBROKE HEALTH CARE, FALLON<br>AMBULANCE SERVICE, EASCARE, LLC,<br>AMR OF MASSACHUSETTS, INC., DANA<br>FARBER CANCER INSTITUTE, ARNOLD<br>COMMUNICATIONS,<br>Defendants | CIVIL ACTION NO. 04-10401-PBS |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT BLUE CROSS' MOTION TO DISMISS

Defendant Blue Cross and Blue Shield of Massachusetts, Inc. ("Blue Cross")

submits this memorandum in support of is Motion To Dismiss The Complaint pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure.   The Complaint and any cause of

action alleged against Blue Cross in the above-captioned action should be dismissed for

failure to state a claim upon which relief may be granted.  In addition to the fact that the

complaint itself does not mention Blue Cross, it is impossible to discern from the

complaint what Blue Cross is alleged to have done wrong. As grounds therefore, Blue Cross states the following:

<u>Argument</u>

The caption on the Complaint initiating this action names twenty-four (24) different defendants, one of which is "Blue Cross Blue Shield of Mass." The other defendants include the United States of America, the Commonwealth of Massachusetts, various municipalities and counties, as well as various large companies in the communications industry and various health care providers.

The eighteen (18) page, single-spaced, complaint is very difficult to follow. Among other things, the complaint references over two dozen criminal statutes and seems to request that a grand jury be seated to investigate the allegations. The plaintiff's complaint references at least two civil statues: 42 U.S.C. § 1981a (damages in intentional cases of discrimination in employment) and 42 U.S.C. §1985(conspiracy to interfere with civil rights). There are, however, no separate causes of action alleged.

Most importantly, other than in the caption itself, there is no reference to Blue Cross in the Complaint, much less any allegations of wrongdoing.

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of the complaint  where it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Even in cases brought by <u>pro se</u> plaintiffs, where the courts often examine the complaint under less stringent standards, the plaintiff must allege some set of facts in support of a claim which would entitle him to relief. <u>Baxter v. Conte</u>, 190 F. Supp. 123, 126 (D. Mass. 2001). The plaintiff may not rely on "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, [or] outright vituperation."

Berner v. Delahanty, 129 F. 3d 20 (1st Cir. 1997)(internal citations omitted). Nor does the duty to be less stringent with pro se complaints require the court to conjure up implied allegations. McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979).

Because there are no allegations in the Complaint that pertain to Blue Cross, there are no facts alleged which, if proven, could support a claim against Blue Cross.

The two potentially relevant civil statutes alleged in the introduction are 42 U.S.C. § 1981a (damages in intentional cases of discrimination in employment) and 42 U.S.C. §1985(conspiracy to interfere with civil rights). The plaintiff does not, however, state a claim against Blue Cross under either of those statutes. First, there is no, nor could there be any, allegation that Blue Cross employed the plaintiff. Section 1981a pertaining to damages in the case of discrimination in employment is therefore inapplicable.

Second, an actionable claim under 42 U. S. C. § 1985(3) must allege that (1) some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirator's action, and (2) the conspiracy was directed toward interfering with rights that are protected against private, as well as official, encroachment. Baxter v. Conte, 190 F. Supp. 123, 129 (D. Mass. 2001)(citations omitted)(allegations of vendetta fueled by the power of the state did not sufficiently allege an invidiously discriminatory animus). There is no allegation that Blue Cross did anything with respect to the plaintiff, much less with an invidiously discriminatory animus.

Finally, there is one sentence that arguably *may* relate to Blue Cross.

Plaintiff requests on page 17 of the complaint in his section titled "Resolution and

Relief":

> And the compensation should be well over the continued annoying cost of a health care system which is billing me well over the $330.00 per month for the past eight years, for care which is detrimental to my health, allowing the health care companies in this complaint to further profit from mistakes and crimes which hurt me physically, mentally, socially, and financially.

That request for relief, however, does not allege any viable cause of action

against Blue Cross.


Conclusion

As there are no allegations against Blue Cross, there are no allegations

which form the basis of a claim upon which relief may be granted.  Accordingly, the

Complaint against Blue Cross should be dismissed.


By Its Attorneys,

_Sara A. Walker_
Sara A. Walker, BBO# 552116
Blue Cross and Blue Shield
  of Massachusetts, Inc.
Landmark Center
401 Park Drive
Boston, MA  02215-3326
Tel.:   (617) 246-3500
Fax:   (617) 246-3550

Dated: July 16, 2004

Litigation/manning/memo in support of motion to dismiss

CERTIFICATE OF SERVICE
I certify on this date a true copy of this document was served on the attorney of record for each party by mail by hand - and within the time permitted by the court's rules.
Dated: 7/16/04  Sara A. Walker

4