UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



RICHARD T. MANNING,
Plaintiff,

v.

UNITED STATES OF AMERICA,
THE STATE OF MASSACHUSETTS,
THE CITY OF BOSTON, THE CITY OF
PITTSFIELD, THE CITY OF BROOKLINE,
THE TOWN OF WESTWOOD, SUFFOLK
COUNTY, NORFOLK COUNTY, AT&T
BROADCAST, COMCAST, GENERAL
ELECTRIC, VIACOM, WALT DISNEY
COMPANY, UNUM LIFE INSURANCE CO.,
BLUE CROSS BLUE SHIELD OF MASS,
FAULKNER HOSPITAL, BETH ISRAEL
DEACONESS MEDICAL CENTER,
BOURNEWOOD, WESTWOOD PEMBROKE
HEALT CARE, FALLON AMBULANCE
SERVICE, EASCARE, LLC, AMR OF
MASSACHUSETTS, INC., DANA FARBER
CANCER INSTITUTE, ARNOLD
COMMUNICATIONS,
Defendants

Civil Action No. 04-10401 PBS

MEMORANDUM OF THE DEFENDANTS, BETH ISRAEL DEACONESS MEDICAL
CENTER, INC., DANA FARBER CANCER INSTITUTE, AND FAULKNER HOSPITAL, IN
SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6) OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT

**I. Introduction**

The defendants, Beth Israel Deaconess Medical Center, Inc., Dana Farber Cancer Institute, and Faulkner Hospital (hereafter, Hospital Defendants), submit this Memorandum in support of their motion to dismiss the plaintiff's Complaint against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As grounds for their motion, the Hospital Defendants state that the allegations set forth in the plaintiff's Complaint fail, as a matter of law, to state a cognizable claim against any of them. In the alternative, the Hospital Defendants

2

submit that the plaintiff's Complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure, and that they are unable to frame a responsive pleading to the Complaint because of the vague, ambiguous and confusing content of this lengthy pleading. Accordingly, should the Court determine that dismissal is not appropriate at this time, the Hospital Defendants move, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, for a more definite statement, and request that Court enter an order directing the Plaintiff to file an amended complaint within ten (10) days of the Court's order.

## II. Argument

The plaintiff's Complaint names twenty-four (24) defendants, including the Hospital Defendants. The eighteen page, single-spaced Complaint does not contain separately numbered paragraphs, as is required by Rule 10(b) of the Federal Rules of Civil Procedure. Moreover, the Complaint fails to comply with the requirement of Rule 8(e) of the Federal Rules of Civil Procedure that averments in a pleading be "simple, concise and direct." Instead, the Complaint consists of a lengthy and confusing narrative that purports to describe numerous and varied acts of wrongful conduct on the part of the "defendants" directed toward the plaintiff. In addition, the plaintiff cites many different federal criminal and civil statutes and constitutional provisions, but fails to articulate a claim for liability as to the Hospital Defendants under any of those statutory or constitutional provisions. In sum, it is impossible to discern from the Complaint any facts or the legal theories upon the plaintiff could base a claim against the Hospital Defendants.

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept the allegations set forth in the complaint as true. *Hughes v. Rowe*, 449 U.S. 5, 10, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (per curiam). In addition, the court must consider the alleged facts and related reasonable inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974). The

3

complaint is subject to dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle [him] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

In this case, the Complaint is devoid of any specific allegations of wrongful conduct on the part of the Hospital Defendants in relation to any cognizable cause of action. The Hospital Defendants recognize that "federal courts traditionally have been mindful of the rights of pro se litigants, and have examined a pro se complaint under less stringent standards." *Baxter v. Conte*, 190 F. Supp. 2d 123 (D. Mass. 2001). Nonetheless, there are limits to this latitude, and "a plaintiff, even one proceeding pro se, may not rely on 'bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, [and] outright vituperation.'" *Id.*, quoting *Berner v. Delahanty*, 129 F.3d 20, (1st Cir. 1997). Furthermore, the "duty to be less stringent with pro se complaints does not require [the court] to conjure up implied allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). The Hospital Defendants respectfully submit that even when read under the less stringent standard applicable to pro se litigants, the Complaint wholly fails to state a claim against them upon which relief can be granted. Accordingly, dismissal of the Complaint under Rule 12(b)(6) is warranted.

In the alternative, the Hospital Defendants move pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement. The Hospital Defendants are unable to respond to the plaintiff's vague, ambiguous and confusing Complaint as presently framed. Accordingly, should the Court decline to dismiss the Complaint at this time, the Hospital Defendants request that the Court enter an order directing the Plaintiff to file an amended complaint within ten (10) days of the Court's order.

4

## III. Conclusion

For the reasons set forth above, Beth Israel Deaconess Medical Center, Inc., Dana Farber Cancer Institute, and Faulkner Hospital respectfully request that their motion be allowed, and that the plaintiff's Complaint against them be dismissed pursuant to Fed. Civ. P. 12(b)(6). In the alternative, the Defendants request that the Court allow their motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

Respectfully submitted,

Carol A. Kelly
B.B.O. #544549
Murray, Kelly & Bertrand, P.C.
600 Unicorn Park Drive
Woburn, Massachusetts 01801
(781) 569-0020

Dated: July 16, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Richard T. Manning, 6 Chesbrough Road, Boston, Massachusetts 02132-3810, by first-class mail on July 16, 2004.

Carol A. Kelly