UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD T. MANNING,<br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>THE COMMONWEALTH OF MASSACHUSETTS,<br>THE CITY OF BOSTON, THE CITY OF<br>PITTSFIELD, THE CITY OF BROOKLINE,<br>THE TOWN OF WESTWOOD, SUFFOLK COUNTY,<br>NORFOLK COUNTY, AT&T BROADBAND,<br>COMCAST, GENERAL ELECTRIC, VIACOM,<br>WALT DISNEY COMPANY, UNUM LIFE<br>INSURANCE COMPANY, BLUE CROSS BLUE<br>SHIELD OF MASSACHUSETTS, FAULKNER<br>HOSPITAL, BETH ISRAEL DEACONESS MEDICAL<br>CENTER, BOURNEWOOD, WESTWOOD<br>PEMBROKE HEALTH CARE, FALLON<br>AMBULANCE SERVICE, EASCARE, LLC, AMR OF<br>MASSACHUSETTS, INC., DANA FARBER CANCER<br>INSTITUTE, and ARNOLD COMMUNICATIONS,<br>  Defendants. | CIVIL ACTION<br>NO. 04-10401-PBS |

**DEFENDANT NORFOLK COUNTY'S
MOTION TO STRIKE THE COMPLAINT
AND
MOTION FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rules of Civil Procedure 12(e) and (f), defendant Norfolk County hereby respectfully moves this Honorable Court to strike the Complaint and require plaintiff to file an Amended Complaint against Norfolk County before Norfolk County is required to file a responsive pleading. As grounds for this Motion, defendant Norfolk County states, by and through undersigned counsel, the following:

1. Pursuant to Fed.R.Civ.P. 12(f), "...the court may order stricken from any pleading any...immaterial, impertinent, or scandalous matter." See Fed.R.Civ.P. 12(f). The Court has "considerable discretion" in making such a ruling. See Morales v. Digital Equipment Corp., 843 F.2d 613, 618 (1st Cir. 1988). However, matter will only be stricken from a pleading when it is clear that it can have no possible bearing upon the subject matter of the litigation. See Nault's Auto. Sales, Inc. v. American Honda Motor Co., 148 F.R.D. 25, 30 (D.N.H. 1993); see also 2A Moore's Federal Practice Section 12.21 at 2429 (1983).

2. In the present case, plaintiff's Complaint is so vague and ambiguous that it fails to provide any material information from which Norfolk County might respond. As such, the Complaint should be stricken from the record and plaintiff should be ordered file an Amended Complaint.

3. In addition, plaintiff sets forth numerous criminal allegations in his Complaint. See Complaint attached hereto as Exhibit A (hereinafter "Ex. A"), pp. 2, 3, 4, 7, 9, 10, 12 and 13. If the Court decides not to strike the entire Complaint, defendant Norfolk County requests the Court strike from the pleadings all criminal allegations set forth by the plaintiff, as it is clearly improper to seek relief under criminal statutes in a civil complaint. As the Court well knows, only the government can bring criminal charges against individuals and entities. As such, striking said criminal allegations from the Complaint cannot possibly have a bearing upon the subject matter of this litigation.

4. Further, pursuant to Fed.R.Civ.P. 12(e), a motion for a more definite statement is appropriate where a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive answer." See Fed.R.Civ.P. 12(e); see also

Stein v. Smith, 270 F.Supp.2d 157, 164-165 (D.Mass. 2003) *quoting* Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

5. It is true that a pro se complaint is to "be held to 'less stringent standards than formal pleadings drafted by lawyers'," *See* Fease v. Town of Shrewsbury, 188 F.Supp.2d 16, 17 (D.Mass. 2002) *quoting* Navedo v. Maloney, 172 F.Supp.2d 276, 284 (D.Mass. 2001), however, in the present case, plaintiff's Complaint is so overly vague and ambiguous that Norfolk County cannot possibly file a responsive answer.

6. Indeed, the Complaint alleges a hodgepodge of claims but does not indicate to which defendants any claims apply. More specifically, the Complaint presents allegations ranging from conspiracy and deprivation of plaintiff's federal and constitutional rights, to theft or embezzlement in connection with health care, to drive-by shootings, to extortion by officers of the United States, to attempted murder, kidnapping, terrorist activities and numerous other allegations. *See* Ex. A, pp. 2-14.

7. In addition, plaintiff brings this lawsuit against twenty-four (24) defendants, most having very little or no relation to one another. Indeed, there is no indication as to why each defendant has been sued or which claims apply to which defendants.

8. Moreover, the most undersigned counsel has been able to decipher is that plaintiff's Complaint may allege some sort of negligence claim against Norfolk County for "...allowing the hospitals to continue to operate in a criminal manner and some for allowing their Police forces to act in a criminal manner..." *See* Ex. A, p. 11-12. However, it is not possible for Norfolk County to respond to this allegation.

9. Specifically, plaintiff fails to indicate the name of the hospitals that acted in an alleged criminal manner, the conduct plaintiff claims was criminal, the individuals who allegedly committed the conduct, nor how Norfolk County is responsible for any alleged misconduct. Also, plaintiff states that some of the cities, towns and counties that are defendants in this action allowed their police forces to act in a criminal manner. *See* Id. Again, there is no indication as to which cities, towns or counties these allegations are presented against, no indication as to the specific police department that acted in a criminal manner, the individuals that allegedly committed the conduct, nor a description of the alleged misconduct. Norfolk County cannot investigate charges if it does not know what charges are alleged. Moreover, plaintiff does not allege any of Norfolk County's employees, representatives, agents or assigns committed any of the alleged misconduct.

10. Further, the statement in the Complaint implying plaintiff is claiming negligence against Norfolk County is the only occasion throughout plaintiff's single-spaced, eighteen (18) page complaint in which Norfolk County is mentioned. *See* Ex. A. pp. 1-18. Defendant Norfolk County would like to file a responsive pleading, but without more detail, it is literally impossible for Norfolk County to respond to this Complaint.

11. Unfortunately, plaintiff's complaint rambles to such a degree that it is simply not comprehendible.

12. Thus, Norfolk County requests the Court to order plaintiff to file an Amended Complaint identifying the claims that are being presented against the County, including a brief description of the factual circumstances backing plaintiff's allegations.

WHEREFORE, defendant Norfolk County respectfully requests this Honorable Court to Strike the Complaint and to Order plaintiff to file an Amended Complaint more specifically identifying the claims he is bringing against Norfolk County.

Respectfully submitted,
For the defendant,
NORFOLK COUNTY,
By their attorneys,

/s/ Scott P. Lopez

Scott P. Lopez, BBO # 549556
Tara M. Swartz, BBO# 652600
Law Office of Scott P. Lopez
24 School Street, 8th Floor
Boston, MA 02108
(617) 742-5700

Dated: July 15, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on July 15, 2004.

/s/ Tara M. Swartz

Tara M. Swartz