SCANNED DATE: 9/16/04 M.P. BY:

July 20, 2004

Richard T. Manning Pro Se
Six Chesbrough Road
Boston, Ma 02132-3810
Tel. 617-325-3010

## United States District Court
District of Massachusetts

| | | |
|---|---|---|
| *Richard T. Manning* <br> **Plaintiff** <br> V. <br><br> **United States of America** <br> **The State of Massachusetts** <br> **The City of Boston** <br> **The City of Pittsfield** <br> **The City of Brookline** <br> **The Town of Westwood** <br> **Suffolk County** <br> **Norfolk County** <br> **AT&T Broadband** <br> **Comcast** <br> **General Electric** <br> **Viacom** <br> **Walt Disney Company** <br> **UNUM Life Insurance Co.** <br> **Blue Cross Blue Shield of Mass.** <br> **Faulkner Hospital** <br> **Beth Israel Deaconess Medical Ctr.** <br> **Bournwood** <br> **Westwood Pembroke Health Care** <br> **Fallon Ambulance Service** <br> **Eascare, LLC** <br> **AMR of Massachusetts, Inc** <br> **Dana Farber Cancer Institute** <br> **Arnold Communications** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br><br><br><br> **Civil Action Number** <br><br><br> 04 · 10401 ~~TBS~~ GAO |

**<u>Plaintiff Richard T. Manning's Pleading to answer the court of one defendant, The City of Pittsfield's Motion to Dismiss accompanied by the Plaintiff's More Definite Statement as so requested by the defendant</u>**

1) Comprehending the written complaint of the Plaintiff Richard T. Manning,

and then addressing the issues that were raised in the defendant The City of Pittsfield's

Motion to Dismiss one can form the opinion that the plaintiff's statement on Page 11 and page 12 of the complaint, "Further the negligence of the United States, the Commonwealth of Massachusetts, the counties of Norfolk, Suffolk and Berkshire and the cities and towns of Boston, **Pittsfield**, Brookline, and the Westwood in allowing the hospitals to continue to operate in a criminal manner and some for allowing their Police forces to act in a criminal manner, criminal meaning holding me, the plaintiff, against my will and forcing me to take medications is unlawful and once again in violation of several United States laws specifically the torture laws stated in the statute or code U.S.C. Title 18 § 2340(2001) and is in violation of Amendment 4 and Amendment 14 of the U.S. Constitution and also U.S.C. Title 42 § 1988 (2001) can be sited by me after letting the law enforcement agents know of the crime's committed by the defendants and also can be described as terrorism as defined in U.S.C. Title 18 § 2331 (2001). Conspiring against a persons rights 18 U.S.C. § 241(2001), is also a major crime that I would like the court to consider and when they consider this crime please feel free to find guilty and consider the penalty for this crime which the defendants disobeyed and had total disregard for, when interrupting my life and being in total ignorance of my civil rights and human rights." was clear and to the point and motion to dismiss should not be granted at this time.

The defendant rambles on through the motion and memorandum without acknowledging this statement with the name of Pittsfield clearly stated on Page 11. The Plaintiff would not have cause for a "private right of action" if the defendants, specically in this instance Pittsfield, acted in a civil manner, instead it conspired with the State of Massachusetts, The AMR transport Company and Berkshire Medical Center, the latter not listed as a Defendant in the complaint. This after a traffic stop on Holmes Road in Pittsfield MA on

March 31, 2004, traveling east north east , 400 Yards from the intersection of the north bound lane of Route 7 in which I was traveling. I was questioned and the automobile I was driving was towed and I stood out in the cold for about an hours time before being questioned again and then forced into an ambulance and held and "interrogated" and drugged which is torture defined in the statute Title 18 § 2340 and as so written clearly and directly to the City of Pittsfield in the complaint.

2) The "private right of action" is allowed and the defense motion to dismiss is misleading the court, the following is in support of this reasoning of the plaintiff.. Supporting, please site Shannon v. The City of Boston (First Circuit Opinion 10/5/2001) in can be conclude that yes a private action is allowed in conspiring against civil rights actions in a federal court. The plaintiff has not been afforded the opportunity granted to him by Local Massachusetts General Law Chapter 272 section 2 in his attempts to start a complaint through the Police in different city's and towns, as so directed to clearly do by this law. When the plaintiff had attempted to follow this procedure on many occasions specifically on March 31, 2004 in the City Of Pittsfield the plaintiff, exactly as the statement in the complaint on page 11 and 12 states, had his civil rights and freedoms abused and taken from him, the plaintiff was forced to take medication altering the mind and then was asked to answer questions for a week long period involuntarily and then was asked to pay for the hospitalization and towing. This raises serious questions in the defendants motion to dismiss and their defining an objection to a private right of a action with regards to federal statute when the plaintiff was not allowed to complain due To Police not knowing the local Massachusetts law complaint process and in essence

denying Richard T. Manning the right to complain in the proper way thus leading to this complaint so it is impossible for Pittsfield to complain after having the opportunity to act correctly with regards to Richard T. Manning's cause for action which was damaged and justice was obstructed by holding the plaintiff against his will.

3) In defense of the Plaintiff's complaint the court should site On Lee V. United States 343 U.S. 747 supreme court. The plaintiff in supporting his action sites this case in defining the torture of him for Information when it was clear during the questioning on Holmes road in Pittsfield, Ma for one hour's time proved the virtue and cooperation with The City of Pittsfield Police and The State of Massachusetts Troopers (two troopers were present). Please use Justice Burton's dissenting opinion concurring with Justice Felix Frankfuter from the original opinion, in ON lee vs. us ON LEE V. UNITED STATES 343 U.S. 747 in fourth amendment rights and direction and as we also look further at this case and its opinions please direct your attention to Sir James Fitzjames Stephen and the opinion of POLICE OFFICERS THAT APPLY TORTURE TO PRISONERS. AN EXPERIENCED CIVIL OFFICER OBSERVED, 'THERE IS A GREAT DEAL OF LAZINESS IN IT. IT IS FAR PLEASANTER TO SIT COMFORTABLY IN THE SHADE RUBBING RED PEPPER INTO A POOR DEVIL'S EYES THAN TO GO ABOUT IN THE SUN HUNTING UP EVIDENCE.'

4) The Police should have took Richard T. Manning at his word, which was explaining Some of the incidents happening in another city prior to March 31, 2001 and allow him to Continue on instead they acted as Sir James Fitzjames Stephen' statement of a civil

officer defines.

5) The more definite statement is that Richard T. Manning was not treated in a fair and proper way and his rights and freedoms were abused in the city of Pittsfield and is so stated on page 11 and a claim for relief is defined on page 17.

6) In not being able to be free Richard T, Manning was unable to find out about the different cable system and radio in the Pittsfield area which is not only important in his complaint but important to Richard T. Manning socialization and image both personally and professionally. Also with this complaint Richard T. Manning has a chance to regain his good name in that area of the world.

7) Furthermore, the plaintiff disagrees and suppresses the defendants claim for dismissal pursuant to rule 12(b)(6). The plaintiff is in compliance rule 8(a)(1) of the federal rules of civil procedures on page 17 and 18 of complaint and claim for relief is clearly stated in chapter 9 of the complaint on pages 17 and 18 and clearly recognizes the court having jurisdiction as previously defined in section 3 page 2 of the complaint.

8) The defendant has obstructed Richard T. Manning in the past and now Richard T. Manning would like the court to remind the defendant of rule 11 of the Federal rules of civil procedure. The Plaintiff is in compliance with rule 8(a)(2) of the federal rules of civil procedure on page 17 and 18 of the compliant claim for relief is stated in that the pleader is entitled to relief and this is shown specifically with regards to Unum in the Attachment to the complaint 1B. Please be advised that rule 11(b)(1) is also to be raised as issues directed toward the defendants in their motions to delay the inevitable justice

and my statements once again under rule 8(f) shall do substantial justice.

9) Under rule 11(b) (3) I find it difficult to comprehend the defenses statements in motions realizing that the evidence written in complications of plaintiff is known to the defendants thus causing reason to believe that rule 11(b)(1) is to be considered when comprehending the defendant's motions to dismiss on the grounds that claim was not established. The Constitution of the United States amendment six also states the "Right of individuals to a speedy trial" and this motion to dismiss should be viewed as slowing things down as the City also did back in March 31, 2001 through April 7, 2001.

10) The Plaintiff offered a settlement to the defendant for a monitary amount and Statement affirming that Richard T. Manning's civil rights would not be abused. This amount was written in a letter and the defendant before answering the plaintiff Called up twice on the telephone and asked for information that I had not submitted to the court yet in which the plaintiff is given a reasonable period of time to respond. The defendant then gave affidavit of conversation saying that I would give her the information by electronic mail when in fact I just restated my position of no information before an answer was served to me. Unless the defendant would like to obstruct my complaint any further I wish for the defendant not only to not break the laws with regards to the plaintiff but to please stay within the guidelines of the federal rules of civil procedure and allow the plaintiff the reasonable time he is afforded. He has been obstructed by the defendant before and to answer your motion to dismiss instead of your agreeing to settle is not at all what Richard T. Manning was hoping for.

11) As for the explanation of the laws and how they do not apply to the defendant as stated throughout the defendants motion to dismiss I would urge the defense to use this more definitive statement and the complaint and rethink the settlement options in which she has agreed to have conferred with me on I am assuming the defense means by me sending letter of settlement the defense has conferred, this is another question I would have after reading and comprehending this pleading, Does the defendant the City of Pittsfield, Ma want to settle?

12) I would now urge the court to view this pleading as an answer to the motion by the defense and as a more definite statement as so requested by the defendant.

Sincerely,

✓ **Richard T. Manning Pro Se**
Signature Valid

Digitally signed by Richard T. Manning Pro Se
DN: cn=Richard T. Manning Pro Se, c=US
Date: 2004.08.30 06:15:13 -04'00'
Reason: I am the author of this document
Location: Six Chesbrough Road Boston, MA 02132-3810

Richard T Manning Pro Se

Six Chesbrough Road

Boston, Ma 02132-3810

Tel. 6176-325-3010

I certify that a copy of this document will be mailed by registered US Mail to the Federal District Court in Boston, Massachusetts. As well as to all the defendants. In this list United States of America, The Commonwealth of Massachusetts,
The City of Boston, The City of Pittsfield, The City of Brookline,
The Town of Westwood, Suffolk County, Norfolk County, AT&T Broadband Comcast ,General Electric, Viacom ,Walt Disney Company ,UNUM Life Insurance Co., Blue Cross Blue Shield of Mass. , Faulkner Hospital, Beth Israel Deaconess Medical Center, Bournwood ,Westwood Pembroke Health Care ,Fallon Ambulance Service, Eascare LLC AMR of Massachusetts, Inc. ,Dana Farber Cancer Institute, Arnold Communications.

Signed and certified by Richard T. Manning Pro Se      ✓ **Richard T. Manning Pro Se**
                                                        Signature Valid

Date   August 30, 2004