July 22, 2004

Richard T. Manning Pro Se
Six Chesbrough Road
Boston, Ma 02132-3810
Tel. 617-325-3010

# United States District Court
District of Massachusetts

| | | |
|---|---|---|
| *Richard T. Manning* ) | | |
| **Plaintiff** ) | | |
| V. ) | | |
| ) | | |
| United States of America ) | | |
| The State of Massachusetts ) | | |
| The City of Boston ) | | |
| The City of Pittsfield ) | | |
| The City of Brookline ) | | |
| The Town of Westwood ) | | |
| Suffolk County ) | | |
| Norfolk County ) | Civil Action Number | |
| AT&T Broadband ) | | |
| Comcast ) | | |
| General Electric ) | 04 · 10401 PBS | |
| Viacom ) | | |
| Walt Disney Company ) | | |
| UNUM Life Insurance Co. ) | | |
| Blue Cross Blue Shield of Mass. ) | | |
| Faulkner Hospital ) | | |
| Beth Israel Deaconess Medical Ctr. ) | | |
| Bournwood ) | | |
| Westwood Pembroke Health Care ) | | |
| Fallon Ambulance Service ) | | |
| Eascare, LLC ) | | |
| AMR of Massachusetts, Inc ) | | |
| Dana Farber Cancer Institute ) | | |
| Arnold Communications ) | | |

**Plaintiff Richard T. Manning's Pleading to answer the court of one defendant, The City Of Boston's Motion to Dismiss accompanied by the Plaintiff's More Definite Statement as so requested by the defendant**

1)   Richard T. Manning, the Plaintiff, answers the court in response to the The City Of

Boston's motion to dismiss pursuant to rule 12(b)(6), with the following arguments.

2)   The Plaintiff directs you to several places throughout the complaint that demonstrate and Define the actions done by the defendant the City Of Boston on pages 10, 11 and 12 of the Complaint. This complaint defines the actions done by the City of Boston and most certainly the Plaintiff establishes a claim on page 17 and 18 in the form of Six years lost time and Six years lost wages. Complications of the plaintiff are defined on page 13 and 14 and are a resulting from the negligence of the City of Boston.

3)   In pleading on page 10 the plaintiff clearly states the The City of Boston as one who false arrested, made false statements, unlawfully detained the plaintiff in violation of the Constitutional Rights of the plaintiff specifically amendment 4 of the constitution and amendment 14 of the constitution. The complaint clearly states that defendant agreed to the torture of Richard T. Manning and in doing so conspired against Richard T. Manning's rights and by not arresting individuals that were guilty of committing offenses such as harassment, assault and battery and shooting incidents the City of Boston is in fact conspiring against the plaintiff's rights and in the shooting incidents is conspiring to commit murder. This troubles and disables not only the plaintiff but others in his family. Three individuals in the household I lived in have moved out due to such crimes being committing and then justice not being done to the criminals and victims from the outset due to the City of Boston's negligence and ignorance of the people committing crimes against me. The plaintiff then goes on to state on page 12 crimes that were communicated to the City of Boston yet nothing was done about them causing mental and physical damage in not correcting the individuals responsible however being very swift to correct and falsely accuse me of wrongdoing and then subjecting me to torture.

4) I fail to see how the City can respond with a motion to dismiss and also they have been true to from in responding to the complaint after the 20 day response time allowed by the court. It seems as if they copied the other defendant's statements in a feeble attempt to delay justice as afforded in the Sixth amendment in the constitution and also in breaking rule 11 of the federal rules in causing a delay by entering a motion that should not be entered.

5) The plaintiff throughout the complaint stays within the rules of 8(a)(1), 8(a)(2), and 8(a)(3).

6) This pleading is also with the Federal rules of procedure 8(e) in that it is concise direct and to the point. The plaintiff urges the court deny the Defendants motion to dismiss on these facts stated above written within the guidelines of rule 8 pleadings.

7) The defendant had opportunity to settle and did not and is responsible for part of the claim for relief as so stated on page 17 and 18 of the complaint and was offered a settlement dollar amount attached to it and it is up to the discretion of the defendant to make. the court of aware of the details of the settlement for it is still possible that the defendant could change its behavior and settle.

8) I will now site the opinion used in a dissenting opinion by one of the Supreme Court Justices, Justice Felix Frankfuter in the case On Lee Vs. The United States. Case Name: ON LEE V. UNITED STATES 343 U.S. 747 NO. 543. ARGUED APRIL 24, 1952 – DECIDED JUNE 2,1952 - 193 F.2D 306, AFFIRMED.

Justice Felix Frankfuter's opinion in mid dissent,

"OF COURSE WE CANNOT WAIT ON THE SLOW PROGRESS OF THE SOCIOLOGICAL SCIENCES IN ILLUMINATING SO MUCH THAT IS STILL

DARK. NOR SHOULD WE RELAX FOR A MOMENT VIGOROUS ENFORCEMENT OF THE CRIMINAL LAW UNTIL SOCIETY, BY ITS ADVANCED CIVILIZED NATURE, WILL BEGET AN ATMOSPHERE AND ENVIRONMENT IN WHICH CRIME WILL SHRINK TO RELATIVE INSIGNIFICANCE. MY DEEPEST FEELING AGAINST GIVING LEGAL SANCTION TO SUCH "DIRTY BUSINESS" AS THE RECORD IN THIS CASE DISCLOSES IS THAT IT MAKES FOR LAZY AND NOT ALERT LAW ENFORCEMENT. IT PUTS A PREMIUM ON FORCE AND FRAUD, NOT ON IMAGINATION AND ENTERPRISE AND PROFESSIONAL TRAINING. THE THIRD DEGREE, SEARCH WITHOUT WARRANT, WIRETAPPING AND THE LIKE, WERE NOT TOLERATED IN WHAT WAS PROBABLY THE MOST SUCCESSFUL ADMINISTRATION IN OUR TIME OF THE BUSIEST UNITED STATES ATTORNEY'S OFFICE. THIS EXPERIENCE UNDER HENRY L. STIMSON IN THE SOUTHERN DISTRICT OF NEW YORK, COMPARED WITH HAPPENINGS ELSEWHERE, DOUBTLESS PLANTED IN ME A DEEP CONVICTION THAT THESE SHORT-CUTS IN THE DETECTION AND PROSECUTION OF CRIME ARE AS SELF-DEFEATING AS THEY ARE IMMORAL

SIR JAMES FITZJAMES STEPHEN BRINGS SIGNIFICANT TESTIMONY ON THIS POINT:

"DURING THE DISCUSSIONS WHICH TOOK PLACE ON THE INDIAN CODE OF CRIMINAL PROCEDURE IN 1872 SOME OBSERVATIONS WERE MADE ON THE

REASONS WHICH OCCASIONALLY LEAD NATIVE POLICE OFFICERS TO APPLY **TORTURE** TO PRISONERS. AN EXPERIENCED CIVIL OFFICER OBSERVED, 'THERE IS A GREAT DEAL OF LAZINESS IN IT. IT IS FAR PLEASANTER TO SIT COMFORTABLY IN THE SHADE RUBBING RED PEPPER INTO A POOR DEVIL'S EYES THAN TO GO ABOUT IN THE SUN HUNTING UP EVIDENCE.' THIS WAS A NEW VIEW TO ME, BUT I HAVE NO DOUBT OF ITS TRUTH." 1 STEPHEN, A HISTORY OF THE CRIMINAL LAW OF ENGLAND (1883), 442, NOTE. COMPARE SECS. 25 AND 26 OF THE INDIAN EVIDENCE ACT (1872) ". " (1)

5) The torture is done to Richard T. Manning the plaintiff and it is wrong and that is the reason a civil action is continued to be pleaded to the United States District Court.

6) No settlement has been reached at this point in time and this document is to serve as a pleading and answer to the defendants motion , a motion which I respectfully urge the court to deny.

Sincerely,

 Richard T. Manning Pro Se

Richard T. Manning Pro Se

Six Chesbrough Road

Boston, Ma 02132-3810

Tel. 617-325-3010

I certify that a copy of this document will be mailed by registered US Mail to the Federal District Court in Boston, Massachusetts. As well as to all the defendants. In this list

United States of America, The Commonwealth of Massachusetts,
The City of Boston, The City of Pittsfield, The City of Brookline,
The Town of Westwood, Suffolk County, Norfolk County, AT&T Broadband Comcast
,General Electric, Viacom ,Walt Disney Company ,UNUM Life Insurance Co., Blue
Cross Blue Shield of Mass. , Faulkner Hospital, Beth Israel Deaconess Medical Center,
Bournwood ,Westwood Pembroke Health Care ,Fallon Ambulance Service, Eascare LLC
AMR of Massachusetts, Inc. ,Dana Farber Cancer Institute, Arnold Communications.

Signed and certified by Richard T. Manning Pro Se  ✓ Richard T. Manning Pro Se

Date  August 30, 2004