UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD T. MANNING,<br>          Plaintiff<br><br>V.<br><br>UNITED STATES OF AMERICA, THE STATE OF MASSACHUSETTS, THE CITY OF BOSTON, THE CITY OF PITTSFIELD, THE CITY OF BROOKLINE, THE TOWN OF WESTWOOD, SUFFOLK COUNTY, NORFOLK COUNTY, AT&T BROADBAND, COMCAST, GENERAL ELECTRIC, VIACOM, WALT DISNEY COMPANY, UNUM LIFE INSURANCE CO., BLUE CROSS BLUE SHIELD OF MASS., FAULKNER HOSPITAL, BETH ISRAEL DEACONESS MEDICAL CTR., BOURNEWOOD, WESTWOOD PEMBROKE HEALTH CARE, FALLON AMBULANCE SERVICE, EASCARE, LLC, AMR OF MASSACHUSETTS, INC., DANA FARBER CANCER INSTITUTE, ARNOLD COMMUNICATIONS,<br>          Defendants | CIVIL ACTION NO. 04-10401-GAO |

**GENERAL ELECTRIC'S OBJECTION TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

On February 27, 2004, the pro se plaintiff, Richard T. Manning filed this civil action against 24 defendants. The complaint contains a myriad of obscure and confused allegations and references to 27 federal criminal statutes, the Communications Acts of 1934 and 1996, the 1st, 4th and 14th Amendments, Article 1 of the United States Constitution and at least two civil rights statutes. On July 22, 2004, the defendant, General Electric ("G.E.") moved this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the plaintiff's Complaint against it for failure to state a claim upon which relief can be granted. In the alternative, G.E.

moved this Court pursuant to 12(e) of the Federal Rules of Civil Procedure to order the plaintiff to provide a more definite statement of the claim against G.E., before G.E. is required to file a responsive pleading. On August 30, 2004, the plaintiff filed a Motion to Amend his Complaint to add a claim against G.E. under 18 U.S.C. 2261A, a criminal statute prohibiting interstate stalking.

**ARGUMENT**

A.   **Standard of Review**

With regard to motions to amend, the First Circuit has stated that "[w]hile motions to amend are liberally granted, see Johnston v. Holiday Inns, Inc., 595 F.2d 890, 896 (1st Cir. 1979), a court has the discretion to deny them if it believes that, as a matter of law, the amendment would be futile. See Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790, 792 (1st Cir. 1995); Jackson v. Salon, 614 F.2d 15, 17 (1st Cir. 1980); Crews v. Memorex Corp., 588 F. Supp. 27, 28 (D.Mass. 1984); 6 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1487 at 432-33 (1971) (citing cases).

If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the "futility" label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6). See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). In this situation, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario, which if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory. See Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 421 (6th Cir. 2000) (explaining that, in such a posture, "a proposed amendment is futile only if it could not withstand a 12(b)(6) motion to dismiss"). In this case there is no possible scenario that would entitle the plaintiff to relief under 18 U.S.C. 2261A, as it is a criminal statute with no private cause of action. Therefore, this proposed amendment is futile and must be denied.

  **B. No Private Right Of Action Exists For Violations Of The Criminal Statute 18 U.S.C. §2261A.**

  The proposed Amendment is futile as no private course of action exists under the criminal statute for interstate stalking. In California v. Sierra Club, 451 U.S. 287 (1981) the Supreme Court determined that no private right of action for violation of the federal statute prohibiting obstruction of navigable waters could be implied because (1) the "language of the statute and its legislative history do not suggest that the Act was intended to create federal rights for the especial benefit of a class of persons but rather that it was intended to benefit the public at large through a general regulatory scheme to be administered by the then Secretary of War;" and (2) there was no evidence that Congress anticipated that there would be a private remedy. *See* California v. Sierra Club, 451 U.S. 287, 297 (1981).

  Similarly, the language and legislative history of 18 U.S.C. §2261A suggests that (1) such statutes were not intended to create federal rights for a specific class of persons but rather were intended to benefit the public at large; and (2) there is no evidence that Congress anticipated that there would be a private remedy. *See* California v. Sierra Club, 451 U.S. 287, 297 (1981). The language of the statute is clear and unambiguous. The penalties for violation of this statute are strictly penal and clearly the statute does not provide a private remedy.

  Furthermore, even if a private cause of action did exist the plaintiff cannot allege any facts that would establish a violation of this statute by G.E. The provisions of 18 U.S.C. §2261A punish those who "travel in interstate or foreign commerce\*\*\*,\*\*\*, with the intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel places that person in reasonable fear of the death of, or serious bodily injury to that person,\*\*\*." There is not a single fact alleged by plaintiff that would support a theory that G.E. did anything that would violate this statute.

## CONCLUSION

For all of the foregoing reasons, the defendant, General Electric respectfully requests that the Court deny the plaintiff's Motion to Amend his Complaint to include a claim under 18 U.S.C. 2261A against General Electric.

> GENERAL ELECTRIC,
>
> By its attorneys,
>
> /s/ Kristina H. Allaire
> Joseph M. Hamilton, BBO #546394
> Kristina H. Allaire, BBO #646001
> Mirick, O'Connell, DeMallie & Lougee, LLP
> 100 Front Street
> Worcester, MA 01608-1477
> Phone: (508) 791-8500
> Fax:    (508) 791-8502

Dated: September 29, 2004

## CERTIFICATE OF SERVICE

I, Kristina H. Allaire, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to:

| | |
|---|---|
| Richard T. Manning<br>Six Chesbrough Road<br>Boston, MA 02132-3810 | Kathleen E. Degnan<br>City of Pittsfield – Office of Solicitor<br>Room 201, 70 Allen Street<br>Pittsfield, MA 01201 |
| Deborah I. Ecker, Esq.<br>Leonard H. Kesten<br>Brody, Hardoon, Perkins & Kesten, LLP<br>One Exeter Plaza, 12th floor<br>Boston, MA 02116 | Tara M. Swartz, Esq.<br>Scott P. Lopez, Esq.<br>Law Office of Scott P. Lopez<br>24 School St., 8th Floor<br>Boston, MA 02108 |
| Jonathan M. Albano, Esq.<br>Bingham McCutchen, LLP<br>150 Federal Street<br>Boston, MA 02110-1726 | Sara A. Walker, Esq. Assistant General Counsel<br>Blue Cross & Blue Shield, Law Department<br>Landmark Center<br>401 Park Drive<br>Boston, MA 02215 |

| | |
|---|---|
| Stephen M. Perry, Esq.<br>Casner & Edwards, LLP<br>303 Congress Street<br>Boston, MA 02210 | Paul D. Abbott, Esq.<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>One Financial Center<br>Boston, MA 02111 |
| Margaret H. Sanel<br>Assistant Corporation Counsel City of Boston<br>Law Department<br>City Hall, Room 615<br>Boston, MA 02201 | Carol A. Kelly, Esq.<br>Murray, Kelly & Bertrand, P.C.<br>600 Unicorn Park Drive<br>Woburn, MA 01801 |
| Kevin M. Keating, Esq.<br>1040 North Shore Road<br>Revere, MA  02151-1505 | |

                                                /s/ Kristina H. Allaire
                                                Kristina H. Allaire

Dated: September 29, 2004