```
                    United States District Court
                      District of Massachusetts
_____
                               )
RICHARD T. MANNING,            )
                               )
        Plaintiff,             )
                               )   Civil Action No.
        v.                     )   04-10401-NMG
                               )
UNITED STATES OF AMERICA et al.,)
                               )
        Defendants.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In the present civil action, pro se Plaintiff Richard T. Manning ("Manning") has filed suit against 24 corporate and governmental defendants alleging a conspiracy to violate provisions of the United States Constitution and numerous criminal statutes.  Twelve of the defendants now move to dismiss and the plaintiff moves for leave to amend the complaint.

I.  Background

On February 27, 2004, Richard T. Manning ("Manning"), proceeding pro se, filed a complaint against 24 defendants including several governmental entities, a series of health care facilities and several communications companies.  Although the complaint is largely incomprehensible, Manning apparently alleges that the defendants are involved in an elaborate conspiracy

-1-

against him involving "torture" and "terrorism" through the use of television and involuntary hospital visits.  Manning alleges violations of number of federal criminal statutes, several Amendments to the United States Constitution, the Communications Act of 1934, 47 U.S.C. §§ 151 et seq., the Communications Decency Act of 1996, 47 U.S.C. §§ 560 et seq., Art. 1, § 6 of the United States Constitution and the Civil Rights Act, 42 U.S.C. §§ 1988, 2000a.

The complaint is set forth in 18, single-spaced pages (in violation of Local Rule 5.1) and its paragraphs are unnumbered. Written largely in a narrative form referring to "the defendants", the complaint fails to specify which particular defendants are alleged to have committed particular acts. Several of the defendants are not mentioned in the complaint other than in the caption.  Manning seeks 21 forms of relief including $2.3 million in damages.  He also requests that the Court convene a "grand jury" to issue "search warrants" on his behalf.

In response, the following 12 defendants move to dismiss pursuant to Fed.R.Civ.P. 12(b)(6): Unum Life Insurance Company of America (Docket No. 2), the City of Pittsfield (Docket No. 5), the Town of Westwood (Docket No. 10), AMR of Massachusetts, Inc. (Docket No. 11), the City of Boston (Docket No. 14), Blue Cross Blue Shield of Massachusetts (Docket No. 17), Viacom, Inc.

(Docket No. 19), the Dana Farber Cancer Institute (Docket No. 22), Faulkner Hospital (Docket No. 22), Beth Israel Deaconess Medical Center (Docket No. 22), General Electric (Docket No. 24) and Fallon Ambulance Service (Docket No. 31). Defendant Norfolk County moves to strike the complaint (Docket No. 27). Fallon Ambulance Service moves for "appropriate relief pursuant to Rule 17(c)" (Docket No. 31) and requests that the Court conduct an inquiry into the plaintiff's mental fitness.

On September 16, 2004, Plaintiff filed a motion for leave to amend the complaint (Docket No. 42) to include allegations that several of the defendants have been "stalking" him in violation of 18 U.S.C. § 2261A. He also moves for sanctions against Fallon Ambulance Service (Docket No. 55) to punish alleged misconduct by Fallon during a telephone conversation between Fallon's counsel and the plaintiff. Finally, plaintiff moves to commence discovery. (Docket No. 76).

**II. Analysis**

    **A.  Defendants' Motions to Dismiss**

The 12 defendants which have moved to dismiss via separate motions have filed numerous memoranda and affidavits in support of their motions. Because the complaint falls painfully short of stating any cognizable cause of action against any defendant, their motions will be addressed summarily.

Plaintiff, in large part, cites to statutes and provisions of the United States Constitution which do not give rise to private causes of action, e.g. criminal statutes in Title 18 of the United States Code.  Although plaintiff mentions 42 U.S.C. § 2000a, which does give rise to a private cause of action, he fails to allege facts upon which such a claim could be legitimately based.  Furthermore, Plaintiff seeks forms of relief to which no civil litigant would ever be entitled, e.g. the convening of a grand jury.  In short, plaintiff has established no legal basis for recovery.

In terms of plaintiff's factual allegations, the complaint is incomprehensible because it is written as a disjointed, rambling narrative.  Plaintiff routinely uses the term "defendants" in the complaint without differentiating among the 24 defendants.  As a result, to the extent plaintiff's allegations would otherwise establish cognizable causes of action, they fail to do so because it impossible to determine which allegations call for responses by which defendants.  Therefore, defendants' motions to dismiss will be allowed.

The Court is mindful, however, that pro se litigants are to be held to a "less stringent" pleading standard.  See, e.g., Mitchell v. Newryder, 245 F.Supp.2d 200, 203 (D.Me. 2003).  For that reason and because plaintiff has not had an opportunity to amend the complaint in light of the described deficiencies, the

complaint will be dismissed without prejudice.

If plaintiff chooses to refile, he will clearly state legally cognizable causes of action against each particular defendant named in his complaint and allege which facts give rise to those causes of action without the excess verbiage. See Fed.R.Civ.P. 8. The pages of the complaint will be double-spaced and the paragraphs numbered in accordance with Fed.R.Civ.P. 10(b) and the complaint will be "simple, concise, and direct" in accordance with Fed.R.Civ.P. 8(e)(1). Finally, plaintiff is strongly urged to consult with an attorney before refiling. If the plaintiff files another deficient complaint, motions to dismiss <u>with</u> <u>prejudice</u> will be allowed. See Fed.R.Civ.P. 12(b)(6).

### B.  Other Motions

The motions of Fallon Ambulance Service, Inc. pursuant to Fed.R.Civ.P. 17 (Docket No. 31), Norfolk County to strike (Docket No. 27) and the plaintiff for discovery (Docket No. 76) will all be denied as moot. Plaintiff's motion to amend (Docket No. 42) will be denied because the proposed amended complaint suffers from the same serious infirmities identified above in connection with the original complaint.

Plaintiff's motion for sanctions pursuant to Fed.R.Civ.P. 11 will be denied because it fails to allege or offer any proof of a

violation of Rule 11.  Given plaintiff's awareness of Rule 11, however, he is advised to consider its applicability to his own future filings.  <u>Simpson</u> v. <u>Lear Astronics Corp.</u>, 77 F.3d 1170, 1176 (9th Cir. 1996) (Rule 11 sanctions are available against pro se litigants).

### ORDER

In accordance with the foregoing:

1) plaintiff's Motions to Amend (Docket No. 42) and for Sanctions (Docket No. 55) are **DENIED**;

2) plaintiff's Motion for Discovery (Docket No. 76) is **DENIED** as moot;

3) motion of defendant, Norfolk County to Strike (Docket No. 27) is **DENIED** as moot;

4) motion of defendant, Fallon Ambulance Service, Inc. for Leave to File (Docket No. 32) is **ALLOWED** and motion for Relief Pursuant to Rule 17 (Docket No. 31) is **DENIED**; and

5) the several motions of the defendants to dismiss (Docket Nos. 2, 5, 10, 11, 14, 17, 19, 22, 24 and 33) are **ALLOWED** and this case is **DISMISSED** without prejudice to refiling consistent with the instructions set forth in the Memorandum above.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated February 7, 2005