United States District Court
District of Massachusetts

```
_____
                                   )
RICHARD T. MANNING,                )
                                   )
        Plaintiff,                 )
                                   )   Civil Action No.
        v.                         )   04-10401-NMG
                                   )
UNITED STATES OF AMERICA et al.,   )
                                   )
        Defendants.                )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

On February 27, 2004, the pro se plaintiff, Richard T. Manning ("Manning"), filed suit in this Court against 24 corporate and governmental defendants alleging a conspiracy to violate provisions of the United States Constitution and numerous criminal statutes. Twelve of the defendants moved to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6) and Manning moved to amend his complaint. On February 7, 2005, the Court 1) denied Manning's motion to amend, 2) allowed defendants' motions to dismiss and 3) dismissed the case without prejudice to Manning refiling his complaint to state legally cognizable causes of action against each particular named defendant and to allege which facts give rise to those causes of action.

After a full year of inactivity, in February, 2006, Manning proceeded to file 17 new pleadings in this case, none of which

constitutes a revised complaint as authorized by the Court's prior Memorandum & Order ("M&O"). Manning offers two documents that may be intended as revised complaints but neither is in compliance with the Court's M&O.

The first document, attached to Docket No. 94, appears to be Manning's attempt at a revised complaint per the Court's earlier instructions. Nevertheless, as far as this Court can discern, that pleading is nothing more than a double-spaced version of Manning's original single-spaced complaint. Moreover, if it is intended to be a revised complaint, it is just as cryptic and incomprehensible as the one this Court previously rejected.

Manning also submits an 87-page appellate brief to the First Circuit Court of Appeals (Dockets No. 91 and 94). As is true of Manning's attempt at a revised complaint, that brief is a sinuous stream of consciousness and, even if regarded as a viable appellate brief, would not be appropriate at this stage of the litigation.

Not only has Manning failed to revise his complaint to address the concerns raised by the Court in its M&O of February, 2005, he has also deluged it with a flood of unintelligble papers. Those pleadings are in the form of notices, affidavits of plaintiff and letters to the Court only one of which can rightly qualify as a motion, i.e., the motion for oral argument (Docket No. 87). Plaintiff's filings run the gamut from a notice

to the Court that he will not be seeking the death penalty against defendants to a notice of his recent communications with the United Nations High Commission for Human Rights.

Despite the colorful nature and delusional aspect of these recent pleadings, none of them qualify as a properly amended complaint, nor are they responsive to the Court's prior M&O. The case will, therefore, now be dismissed with prejudice.

### ORDER

Plaintiff's Motion to Orally Argue As a Stated Right of Litigant in Local Rule 7.1(d) (Docket No. 87) is **DENIED**. This case is **DISMISSED WITH PREJUDICE**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated May 2, 2006